# Exhibit A

## To Defendant Eli Lilly and Company's Notice of Removal of Civil Action

Case being removed:
*Trina A Sugrue, et al. v. v. Eli Lilly and Company, et al.*
D.C. Superior Ct. Civil Action No. 0001832-06

124658v1

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

TRINA A. SUGRUE and PAUL SUGRUE  ]
16 Highland Drive  ]
Pembroke, MA 02359  ]          0001832 06
 ]
        Plaintiff,  ]
v.  ] CIVIL ACTION NO. _____
 ]
ELI LILLY AND COMPANY  ]
Lilly Corporate Center, Indianapolis, IN 46285  ]
w/s/o NATIONAL REGISTERED AGENTS, INC.  ]
1090 Vermont Avenue, NW, #910  ]
Washington, DC 20005  ]
 ]
and  ]
 ]
BRISTOL-MYERS SQUIBB COMPANY  ]
a successor of E.R. SQUIBB & SONS, INC.  ]
P.O. Box 4500  ]
Princeton, NJ 08543  ]
    w/s/o CT CORPORATION  ]
    1025 Vermont Avenue, N.W.  ]
    Washington, DC 20005  ]
 ]
 ]
        Defendants.  ]

RECEIVED
Civil Clerk's Office
MAR 07 2006
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT
(DES Litigation – Products Liability)

1. Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2. Defendants and their predecessors are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

## COUNT I
### (Negligence)

3.      On or about 1966-1967 during her pregnancy with Plaintiff, the mother of the Plaintiff herein bought and ingested DES in Massachusetts. Her physician prescribed said drug during the pregnancy. The drug was sold by Defendants Eli Lilly and Company and/or predecessors to Bristol Myers Squibb Company.

4.      As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine malformations with resulting infertility, miscarriages, incurred medical expenses for care and treatment, suffered physical and mental pain and suffering, and has been deprived of the family she desires.

5.      Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6.      All of the allegations contained in Count I are re-alleged and incorporated herein by reference.

7.      DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8.      Defendants are engaged, or have been engaged, in the business of producing DES, and are, or have been, commercial manufacturers of said drug.

2

9. Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendants' possession.

10. Said product was defective when placed on the market by Defendants. DES was sold by Defendants, without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

11. Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff, and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

12. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforementioned.

13. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty)

14. All of the allegations contained in Counts I and II are re-alleged and incorporated herein by reference.

15. At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was effective as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16. Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, the implied and express warranties, and representations.

17. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18. As a direct result of the breach of warranties by Defendants, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation)

19. All of the allegations contained in Counts I, II, and III are re-alleged and incorporated herein by reference.

20. Defendants represented to pregnant women, including the mother of Plaintiff and her attending physician, via promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately-tested; these representations were made and publicized with the sole purpose and intent of having physicians and their patients rely on them.

21. The mother of the Plaintiff's attending physician did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

22. At all times relevant to this action, these representations were known to Defendants to be false; they were made by Defendants in a conscious, reckless and/or

unreasonable disregard of facts available to Defendants, which directly indicated a lack of efficacy and a danger to pregnant women and their unborn children.

23.  As a direct result of said false representations by Defendants, Plaintiff was injured as aforementioned.

## COUNT V
### (Punitive Damages)

24.  The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known the DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective for use in miscarriage prevention, disregarding the published literature that warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactically, even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration, the Obstetrical Profession and Plaintiffs by knowingly and intentionally withholding adverse literature and studies and subsequently submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

## COUNT VI
### (Loss of Consortium – Paul Sugrue v. Eli Lilly. et.al.)

25. All of the allegations contained in Counts I, II, III, IV and V are realleged and incorporated herein by reference.

26. Plaintiff, Paul Sugrue is the husband of Trina Sugrue. As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendants as aforesaid, Plaintiff Paul Sugrue has been deprived of the love, services and affection of his wife, Trina Sugrue.

**WHEREFORE**, Plaintiff Trina Sugrue demands judgment against Defendants in the sum of One Million Dollars ($1,000,000.00), jointly and severally, in compensatory damages and One Million ($1,000,000.00), jointly and severally, in punitive damages, plus costs.

**WHEREFORE**, Plaintiff Paul Sugrue, individually, demands judgment against Defendants Eli Lilly and Company, in the sum of One Million Dollars ($1,000,000.00), as compensatory damages and the sum of One Million Dollars ($1,000,000.00) as punitive damages, plus costs.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

_____
Brandon J. Levine, #412130


_____
Renee L. Robinson-Meyer, #455375


_____
Steven J. Lewis, #472564


Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury as to all issues of material facts.

_____
Aaron M. Levine

7

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TRINA SUGRUE
    Vs.                                         C.A. No.     2006 CA 001832 B
ELI LILLY & COMPANY

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                                                        Chief Judge Rufus G. King, III

Case Assigned to: Judge NATALIA COMBS GREENE
Date: March 7, 2006
Initial Conference: 9:00 am, Friday, June 09, 2006
Location: Courtroom 312
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

| TRINA SUGRUE et.al. | 0001832 06 |
|---|---|
| *Plaintiff* | |
| VS. | Civil Action No. |
| ELI LILLY AND COMPANY | |
| *Defendant* | |

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine
Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500
Address

Washington, DC 20036

(202) 833-8040
Telephone

By _____
Deputy Clerk

Date 3-7-06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93     NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.