IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRINA A. SUGRUE, et vir.                *

    Plaintiffs                              *

                                  Case No.: 06-CV-764 (GK)

v.                                              *

ELI LILLY & COMPANY, et al.      *

    Defendants                            *

     *    *    *    *    *    *    *    *    *

## ANSWER TO COMPLAINT

Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker and Goodell, DeVries, Leech & Dann, LLP, for an Answer to the Complaint filed against it in the above-captioned case and each and every count thereof says:

### FIRST DEFENSE

That the Complaint fails to state a claim or claims against this Defendant upon which relief can be granted.

### SECOND DEFENSE

1. As to Paragraph 1 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations in this paragraph and demands strict proof thereof by the Plaintiffs.

2. As to Paragraph 2 of the Complaint, this Defendant admits that it has been engaged in and is engaged in the manufacturing, marketing, sale, promotion and

distribution of pharmaceuticals throughout the United States, and this Defendant admits that it is doing business in the District of Columbia; however, this Defendant denies the remainder of this paragraph.

3. As to Count I, Paragraphs 3, 4 and 5 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

4. As to Count II, Paragraph 6 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 5 as fully as if they were repeated verbatim herein.

5. As to Count II, Paragraphs 7, 9, 10, 11, 12 and 13 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

6. As to Count II, Paragraph 8 of the Complaint, this Defendant admits that its predecessor was previously engaged in the business of producing DES or was previously a manufacturer of DES.

7. As to Count III, Paragraph 14 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 13 as fully as if they were repeated verbatim herein.

8. As to Count III, Paragraphs 15, 16, 17 and 18 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

9. As to Count IV, Paragraph 19 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 18 as fully as if they were repeated verbatim herein.

10. As to Count IV, Paragraphs 20, 21, 22 and 23 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

11. As to Count V, Paragraph 24 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

12. As to Count VI, Paragraph 25 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 24 as fully as if they were repeated verbatim herein.

13. As to Count VI, Paragraph 26 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Defendant denies any allegation contained in Plaintiffs' Complaint in the above-captioned case to which this Defendant has not specifically responded.

### SECOND DEFENSE

Plaintiffs' causes of action are barred by the applicable statute or statutes of limitation.

### THIRD DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiffs in this case.

### FOURTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a complete bar to Plaintiff's recovery in this action.

### FIFTH DEFENSE

Plaintiff's natural mother misused or abused the Diethylstilbestrol, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

### SIXTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, there was an intervening cause and/or causes leading to said alleged injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

### SEVENTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

### EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statues of repose.

### NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

### TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

**ELEVENTH DEFENSE**

The Plaintiff's causes of action are barred by the doctrine of res judicata or the doctrine of collateral estoppel.

**TWELFTH DEFENSE**

If this Defendant's product was ingested by Plaintiff's natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiffs are barred from recovery.

**THIRTEENTH DEFENSE**

Plaintiffs' causes of action are barred by the Doctrine of Laches.

**FOURTEENTH DEFENSE**

All of Plaintiffs' causes of action are barred by the Doctrine of Federal Preemption.

**FIFTEENTH DEFENSE**

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

**SIXTEENTH DEFENSE**

The Plaintiffs are barred from recovery in the above-captioned case based on the application of the learned intermediary doctrine.

### SEVENTEENTH DEFENSE

This Defendant states that there are no allegations contained in the Complaint sufficient to support a cause of action for exemplary or punitive damages as to this Defendant and, therefore, all claims for punitive or exemplary damages in the above-captioned case should be dismissed with prejudice.

### EIGHTEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

### NINETEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTIETH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution.

### TWENTY-FIRST DEFENSE

Count V of the Complaint does not constitute a separate cause of action but is merely a request for a different type of damages and, therefore, Count V of the Complaint is a legal nullity.

### TWENTY-SECOND DEFENSE

That Count VI of the Complaint cannot be maintained because it is a joint cause of action and the Plaintiffs were not husband and wife at the time the injuries complained of occurred.

**WHEREFORE**, Bristol-Myers Squibb Company, Defendant, moves this Honorable Court to enter an Order in the above-captioned case, dismissing the Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

_/s/_
Sidney G. Leech (D.C. Bar No. 359071)
Malcolm S. Brisker (D.C. Bar No. 472101)
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
(410) 783-4000
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of April, 2006, a copy of the foregoing Answer to Complaint was mailed via first-class mail, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; *Attorney for Plaintiffs*

Michelle R. Mangrum, Esquire
Shook, Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esquire
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64108; *Attorneys for Eli Lilly & Company*

_____/s/_____
Sidney G. Leech