THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * * * *
TRINA A. SUGRUE, et al.,            *
                                     *
                Plaintiffs,          *
                                     *   CIVIL ACTION 06-764 (GK)
                                     *
     vs.                             *
                                     *
ELI LILLY AND COMPANY, et al.        *
                                     *
                Defendants.          *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## DEFENDANT ELI LILLY AND COMPANY'S CONSENT
## MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of Massachusetts. Plaintiffs consent to this transfer.

This case should be transferred because the District of Massachusetts is a more convenient forum than the District of Columbia, the action could have been brought originally in the District of Massachusetts, and transfer out of a district with no connection to plaintiffs' cause of action (as in this case) is in the interest of justice. *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division where the case could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (district court enjoys wide discretion in deciding whether to transfer an action to a more convenient forum).

The District of Massachusetts is more convenient for the witnesses likely to be deposed or called to testify at trial. Section 1404(a) instructs district courts to consider the convenience of witnesses in deciding whether to transfer an action. *See* 28 U.S.C. § 1404(a).

134441v2

Lilly has reason to believe that all potential fact witnesses and sources of proof are located in or within the subpoena power[1] of the District of Massachusetts. More specifically:

- Plaintiff resides in Pembroke, Massachusetts, with her husband;

- Plaintiff was purportedly diagnosed and treated for her alleged injuries in Massachusetts;

- Plaintiff's mother lived in Massachusetts during plaintiff's mother's pregnancy with her, was allegedly prescribed DES in Massachusetts, purchased DES from a pharmacy in Massachusetts, and ingested DES in Massachusetts;

- Plaintiff's doctors practice in Massachusetts and diagnosed her injuries in Massachusetts;

- Lilly is not aware of a single non-party fact witness who resides in the District of Columbia or is within the subpoena power of this Court; and

- This case has no apparent connection to the District of Columbia except that the case was filed here.

This action "might have been brought" originally in the District of Massachusetts. 28 U.S.C. § 1404(a). First, the District of Massachusetts has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[2] Lilly is incorporated and has its principal place of business in Indiana. Squibb is incorporated in Delaware and has its principal place of business in New York. Plaintiff resides in and is domiciled in Massachusetts. Second, to the extent permitted by the United States Constitution, Massachusetts' long-arm statute, Mass. Gen. Laws ch. 223A, § 3, reaches torts caused by an act or omission within the Commonwealth of Massachusetts. *See*, Mass. Gen. Laws ch. 223A, § 3. Thus, the District of Massachusetts is at least as appropriate a forum as the District of Columbia with respect to subject matter and personal jurisdiction. Third, venue is proper in the District of

---

[1] *See* FED. R. CIV. P. 45(b).

[2] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that plaintiff cannot recover more than $75,000. However, Lilly denies that plaintiff is entitled to recover any damages.

134441v2

Massachusetts because plaintiff's injuries that were allegedly caused by DES were diagnosed and treated in Massachusetts. *See* 28 U.S.C. § 1391(a)(2) (allowing transfer to "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Finally, the interests of justice support transfer of this action to the District of Massachusetts. *See Pain v. United Technologies Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980) (listing public interest factors to consider). First, Massachusetts has a strong interest in seeing that the product liability claims of Massachusetts citizens are tried fairly and efficiently. The next factor, the applicable law, favors the District of Massachusetts because Massachusetts tort law is likely to be applied, and Massachusetts is more familiar with its substantive law than is the District of Columbia. *See Moore v. Ronald Hsu Constr. Co.*, 576 A.2d 734, 737 (D.C. 1990) (District of Columbia's choice of law rules point to the jurisdiction with the "most significant relationship" to the dispute). Because this case has no connection to this district and because plaintiffs consent to transfer, it is equitable to transfer this case out of the District of Columbia.

WHEREFORE, based on the foregoing reasons, Lilly respectfully requests this Court to grant its consent motion to transfer this case to the District of Massachusetts.

134441v2

| | |
|---|---|
| Dated: October 9, 2006 | Respectfully Submitted, |
| /s/ Steven J. Lewis | /s/ Emily J. Laird |
| Steven J. Lewis, DC Bar No. 472564 | Michelle R. Mangrum, DC Bar No. 473634 |
| AARON LEVINE & ASSOCIATES | John Chadwick Coots, DC Bar No. 461979 |
| 1320 19th St., NW, Suite 500 | Emily J. Laird, DC Bar No. 485890 |
| Washington, D.C. 20036 | SHOOK, HARDY & BACON, L.L.P. |
| | 600 14th Street, N.W., Suite 800 |
| | Washington, D.C. 20005-2004 |
| | (202) 783-8400 Telephone |
| **ATTORNEYS FOR PLAINTIFF** | (202) 783-4211 Facsimile |
| | and |
| | David W. Brooks |
| | SHOOK, HARDY & BACON L.L.P. |
| | 2555 Grand Blvd. |
| | Kansas City, Missouri 64108 |
| | Phone: (816) 474-6550 |
| | Fax: (816) 421-5547 |
| | **ATTORNEYS FOR DEFENDANT** |
| | **ELI LILLY AND COMPANY** |

## LOCAL RULE 7.1(m) CERTIFICATION

Pursuant to Local Rule 7.1(m), Defendant Eli Lilly and Company certifies that, through its counsel, it conferred with plaintiffs' counsel to determine whether plaintiffs oppose the relief requested in this motion. Plaintiffs' counsel indicated that plaintiffs consent to this motion.

/s/ Emily J. Laird

134441v2

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 9th day of October, 2006, which sent notification of such filing to all counsel of record, and by United States mail, postage prepaid, to all counsel of record listed below.

Aaron M. Levine, Esq.
Aaron Levine & Associates
1320 19th St., NW, Suite 500
Washington, D.C. 20036

**Attorneys for Plaintiff**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202

**Attorneys for Bristol Meyers Squibb Company**

                                                /s/ Emily J. Laird
                                                Emily J. Laird
                                                **ATTORNEY FOR DEFENDANT**
                                                **ELI LILLY AND COMPANY**

134441v2